# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:19-cr-52-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **WHITNEY JEAN HOLLIFIELD,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Letter Motion for Credit of Time in Custody. (Doc. No. 31). The Government has filed a response in opposition. (Doc. No. 32).

The Court will deny Defendant's motion for additional credit against her sentence for pretrial confinement without addressing the merits of her request because only the Bureau of Prisons has the authority to determine a defendant's prior custody credit. 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329 (1992). Such requests should be made to the Bureau of Prisons alone. "The sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" Barnes v. Masters, 733 Fed. App'x 93, 98 (4th Cir. 2018) (quoting Wilson, 503 U.S. at 333–34).

In its response, the Government asserts that, according to BOP records, Defendant made an administrative request for additional jail credit on April 24, 2023. She has not completed the administrative process. Accordingly, the Court will deny Defendant's claim for time credit for lack of jurisdiction and for failure to exhaust.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant's pro se Letter Motion for Credit of Time in Custody, (Doc. No. 31), is

1

**DENIED**.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge