UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cr-52-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **WHITNEY JEAN HOLLIFIELD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582. (Doc. Nos. 34, 35). Because Defendant has failed to show extraordinary and compelling reasons that justify sentence reduction in this case, the Court will deny Defendant's motion.

## I. Background

In June 2019, a federal grand jury charged Defendant by Bill of Indictment with violation of 18 U.S.C. § 922(g)(1), felon in possession of firearms and ammunition. (Doc. No. 1). In November 2019, Defendant plead guilty before Magistrate Judge W. Carleton Metcalfe. (Doc. No. 18). The probation office submitted a presentence report, finding that Defendant had nine criminal history points related to prior convictions, resulting in a criminal history category of IV. (Doc. No. 25). The probation office's presentence report calculated Defendant's offense level as 15. (Id.). Based on Defendant's criminal history category and offense level, the probation office recommended a sentence of 30 months. (Doc. No. 26). In February 2020, this Court sentenced Defendant to 30 months imprisonment and two years of supervised release. (Doc. No. 28).

Defendant now asks the Court to reduce her sentence under 18 U.S.C. § 3582.

## II. Legal Standard

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

### III. Discussion

Here, Defendant's pro se motion does not identify any extraordinary and compelling reasons that warrant sentence reduction. (Doc. No. 34). Absent such a showing, the Court remains convinced that the sentence imposed is justified by the 18 U.S.C. § 3553(a) factors, especially the need to promote respect for the law and protect the public from further crimes of the Defendant. Therefore, the Defendant's motion will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582, (Doc. No. 34), is **DENIED**.

Signed: April 26, 2024

Max O. Cogburn Jr.
United States District Judge